**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 5:94-cr-00003-RWS-JBB-1** |
| | § | |
| **TIMOTHY EARL NORRIS (1)** | § | |

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On October 1, 2026, the Court held a hearing on the Government's First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. No. 131). The Government was represented by Assistant United States Attorney Lauren Richards. Defendant was represented by J. Brandt Thorson.

**BACKGROUND**

Timothy Earl Norris ("Defendant") was sentenced on September 23, 1994, before The Honorable John Hannah, Jr., of the Eastern District of Texas after being found guilty of the offenses of Kidnapping and Aiding and Abetting-18 USC 120 I (a)(I)-Count I; and Use of a Firearm During Crime of Violence and Aiding and Abetting-18 USC 924(c)(1)-Count 2, Class A and D felonies respectively. These offenses carried a statutory maximum imprisonment term of Life-Count I, and 5 years-Count 2. The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of III, was 210 to 262 months-Count I, and 60 months-Count 2. Timothy Earl Norris was subsequently sentenced to 262 months on Count I and 60 months on Count 2 to be served consecutively producing a total term of 322 months, subject to the standard conditions of release, plus special conditions to include participation in a program of drug testing and treatment, and a $100 special assessment for Counts 1 and 2.

On February 10, 2017, this case was reassigned to U.S. District Judge Robert W. Schroeder, III. On September 30, 2017, Timothy Earl Norris completed his period of imprisonment and began service of the supervision term. On August 21, 2018, Mr. Norris' term of supervised release was revoked due to violations of technical conditions. He was sentenced to 5 months imprisonment followed by a 4-year term of supervised release, with the first 142 days to be served at a Residential Reentry Center. On January 14, 2019, Mr. Norris commenced his second term of supervised release; however, the supervision term was again revoked on December 17, 2019, due to incurred technical violations. On April 17, 2020, Mr. Norris commenced the current term of supervised release.

## PETITION TO REVOKE

In its First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. No. 131), the Government alleges Defendant violated the following conditions:

**1) Defendant must not commit another federal, state, or local crime.** Specifically, the petition alleges that Mr. Norris failed to update his sex offender registration status with the Dallas Police Department within 30 days of his birthday on June 13, 2022. The government alleges that Mr. Norris is in violation of § 62.102(b)(1) of the Texas Code of Criminal Procedure; this offense is classified as a state jail felony.

**2) Defendant must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which Defendant resides, works, is a student, or was convicted of a qualifying offense.** Specifically, the petition alleges that, per the Affidavit for Arrest Warrant, Mr. Norris failed to update his address with the Dallas Police Department after relocating from his last registered address on Kelton Drive, Dallas, Texas.

**3) After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed.** Specifically, the petition alleges that Mr. Norris was instructed to submit a written monthly supervision report by the 5th day of each month, and that he has failed to submit his monthly report as instructed since September 2021.

**4) Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.** Specifically, the petition alleges that, on October 30, 2021, Supervising U.S. Probation Officer Jesus Perez confirmed with the manager of Motel 6, 9801 Adleta Court, Dallas, Texas 75243, that on September 10, 2021, Mr. Norris had ceased renting Room #157. The Government alleges that, at the time of its filing the First Amended Petition, Mr. Norris had failed to notify the probation officer of his change of residence.

**5) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.** Specifically, the petition alleges that, on July 19, 2021, Mr. Norris failed to attend individual mental health counseling with Fletcher Counseling,

Plano, Texas, as instructed. Additionally, the Government alleges that, on October 28, 2021, Mr. Norris received an unsuccessful discharge from Fletcher Counseling, Plano, Texas. Mr. Norris failed to attend mental health treatment with Fletcher Counseling since August 30, 2021; he was instructed to attend mental health counseling on a biweekly basis.

**6) Defendant must participate in sex offender treatment services. These services may include psycho physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor Defendant's compliance, treatment progress, and risk to the community. Defendant must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any costs associated with treatment and testing. Should Defendant fail to pay as directed, Defendant must perform 3 hours of community service for each unpaid session.** Specifically, the petition alleges that, on April 9, 2021, Mr. Norris failed to report to the office of F. Liles Arnold, Plano, Texas, sex offender treatment provider, for his scheduled maintenance polygraph examination. Additionally, on July 12, 2021, Mr. Norris failed to attend sex offender group counseling with F. Liles Arnold, Plano, Texas, as instructed. Additionally, on October 27, 2021, Mr. Norris received an unsuccessful treatment discharge from sex offender treatment with F. Liles Arnold. Mr. Norris was scheduled to attend sex offender group counseling on a weekly basis; however, he has not attended counseling since September 20, 2021.

**7) Defendant must not have direct or indirect contact with children under the age of 18 unless supervised by an adult approved by the probation officer**. Specifically, the petition alleges that, on March 5, 2021, Mr. Norris admitted to the Behavioral Measures and Forensic Services Southwest, Inc., polygrapher that he had contact with his infant daughter and minor

stepchildren during September 2020. Mr. Norris did not have an appointed chaperone approved by the probation officer to supervise contact with children under the age of 18. Additionally, on May 14, 2021, Mr. Norris admitted to the Behavioral Measures and Forensic Services Southwest, Inc., polygrapher that his wife allowed his infant daughter to babble on the phone to him, as well as allowed him to view his daughter while she was behind a glass door; such is reported to have occurred near the end of April or beginning of May 2021.

**8) Defendant must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence immediately upon Defendant's release, and Defendant must observe the rules of that facility.** Specifically, the petition alleges that, on March 5, 2021, Mr. Norris admitted to the Behavioral Measures and Forensic Services Southwest, Inc., polygrapher that he violated the rules of the residential reentry center during September 2020, when he met with his wife, daughter, and stepchildren and traveled to the Galleria Mall, Dallas, Texas.

## RECOMMENDATION

The Court conducted a revocation hearing on October 1, 2026. At the hearing, the Court reviewed the alleged violations of the above conditions with Defendant. Consenting to the undersigned's taking the plea, Defendant admitted as true the allegations contained in the petition.

Based upon Defendant's plea of true, the Court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. Counsel announced the parties had agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended Defendant's sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody

of the Bureau of Prisons to be imprisoned for a term of ten (10) months to be served consecutively to the sentence just received in Case No. 5:25-CR-00032-RWS-JBB-1, with no term of supervised release to follow.[1]

## CONCLUSION

Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations in the petition be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months to be served consecutively to the sentence just received in Case No. 5:25-cr-00032-RWS-JBB-1, with no term of supervised release to follow.

Finally, the undersigned recommends the Court request the Bureau of Prisons designate FCI Texarkana for service of sentence.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak on his own behalf, and to have counsel speak on his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

SIGNED this the 2nd day of October, 2026.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE

[1] While the sentence recommended in this Report and Recommendation does not include a term of supervised release following the 10-month term of imprisonment, the sentence given in Case No. 5:25-CR-00032-RWS-JBB-1 includes a 5-year term of supervised release to follow the 18-month term of imprisonment.